IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

v.   CRIMINAL ACTION NO. 2:21-cr-266-01

JOHN MICHAEL WELLS, II

MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is a motion, brought pursuant to 18 U.S.C. § 3582(c), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. [ECF No. 57]. On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of

Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, and the addendum to the PSR from the Probation Office. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Finding that the Defendant is ineligible for relief, the Court has not appointed counsel or ordered the parties to submit responses.

On June 29, 2022, Mr. Wells was sentenced to 120 months of imprisonment, followed by five years supervised release, for conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, and a quantity of marijuana for remuneration, in violation of 21 U.S.C. § 846. [ECF No. 51].

Mr. Wells' total offense level was 35. [ECF No. 54, ¶ 39]. At the time of his sentencing, Mr. Wells had a subtotal of five criminal history points, and two points were added for "status" pursuant to U.S.S.G. § 4A1.1(d), for a total of seven criminal history points and a Criminal History Category of IV. *Id.* ¶¶ 48–50. Based on a total offense level of 35 and a Criminal History Category of IV, Mr. Wells was subject to a

guideline range of 235 to 293 months.

Following the retroactive amendment to the Guidelines, Mr. Wells' status points would be eliminated, resulting in a total of five criminal history points and a Criminal History Category of III. Based on a total offense level of 35 and a Criminal History Category of III, Mr. Wells' amended advisory guideline range would be 210 to 262 months.

Despite the fact that Mr. Wells' Criminal History Category lowers from IV to III under Amendment 821, he is ineligible for relief under the Amendment. U.S.S.G. § 1B1.10(b)(2)(A) provides that "the court shall not reduce the defendant's term of imprisonment … to a term that is less than the amended guideline range." Mr. Wells was sentenced to 120 months imprisonment. Because he has already received a sentence less than the amended guideline range of 210 to 262 months, he is not eligible for a further reduction.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** any relief pursuant to 18 U.S.C. § 3582(c)(2) be **DENIED**, and that the sentence imposed on June 29, 2022, remain in effect.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: February 16, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE